IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER A. GREEN, et al,<br><br>        Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO CALIFORNIA,<br><br>        Defendant.<br>_____/ | No. C 06-6953 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE DEFENSES** |

Plaintiffs have filed a motion to strike three affirmative defenses. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing currently scheduled for February 16, 2007. For the reasons set forth below, the Court GRANTS in part and DENIES in part plaintiffs' motion to strike.

**BACKGROUND**

On November 6, 2006, plaintiffs Peter Green and Berglioth Matthews, on behalf of themselves and others similarly situated, filed this action for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). Plaintiffs are employed by San Francisco and describe themselves as paramedics. Complaint ¶ 8. Plaintiffs allege that San Francisco improperly classified them as employees engaged in fire protection activities who are partially exempt from overtime compensation. *Id.* ¶ 14. Plaintiffs seek a judgment declaring that their FLSA rights were violated, an accounting, back pay compensation, liquidated damages, interest, and attorney's fees and costs.

Defendant answered the complaint and admitted that it compensated plaintiffs according to the

FLSA partial exemption for employees engaged in fire protection activities, and denied that plaintiffs were employed as dual-function firefighter/paramedics. Defendant also initially asserted sixteen affirmative defenses, and later filed an amended answer asserting eleven affirmative defenses. Plaintiffs now move to strike the seventh, eighth, and ninth defenses of unclean hands, laches, and waiver and/or estoppel.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing of those issues before trial. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517 (1994); *Sidney-Vinstein v. A.H. Robbins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). A motion to strike may be appropriate where it will streamline the ultimate resolution of the action. *See Fantasy*, 984 F.2d at 1528. If the defense asserted is invalid as a matter of law, the Court should determine the issue prior to a needless expenditure of time and money. *Hart v. Baca,* 204 F.R.D. 456, 457 (C.D. Cal. 2001). However, motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation. *See LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D.Cal. 1992).

**DISCUSSION**

**1.    Seventh Affirmative Defense:  Unclean Hands**

Under the equitable doctrine of unclean hands, a party may be denied recovery where the party engaged in "reprehensible conduct in the course of the transaction at issue." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995) (citing *Perma Life Mufflers, Inc. v. Int'l Part Corp.,* 392 U.S. 134, 138 (1968)). In *McKennon,* the Supreme Court held that an employee's unclean hands did not completely bar recovery in an Age Discrimination in Employment Act case, but that an employee's misconduct could affect the remedies available. *Id.* at 360-61; *see also id.* at 362-63 (stating

2

1  reinstatement and front pay not available to employee based on unclean hands, and instructing trial court
2  to consider employee's unclean hands when awarding back pay). The Court noted that the ADEA is
3  a hybrid statute in that its substantive, antidiscrimination provisions were modeled after Title VII, and
4  its remedial provisions incorporated by reference the FLSA's remedial scheme. *Id*. at 357.

5  Here, defendant generally asserts that plaintiffs' conduct may have contributed to defendant's
6  understanding of its duties under the FLSA. At this early stage of the proceedings, the Court is unable
7  to conclude that unclean hands is wholly inapplicable to this action. Plaintiffs do not cite any published
8  cases holding that unclean hands may not be asserted in a FLSA case as a matter of law. *McKennon*
9  suggests that a plaintiff's unclean hands would be relevant to the remedies available under FLSA.
10 Accordingly, the Court DENIES plaintiffs' motion to strike defendant's seventh affirmative defense.

**2.  Eighth Affirmative Defense:  Laches**

"[T]he doctrine of laches is inapplicable where Congress has provided a statute of limitations to govern the action." *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 586 (9th Cir. 1983). Plaintiffs move to strike the laches defense because Congress has created a statute of limitations governing FLSA claims through the Portal-to-Portal Pay Act. *See* 29 U.S.C. § 255. Defendant responds that it may still assert laches because the Portal-to Portal Pay Act provides for different time limitations in FLSA cases depending on whether the employer's conduct was willful or not.

Defendants' contention lacks merit. Miller also involved the Portal-to-Portal Pay Act, which at that time also provided for different statutes of limitations depending on the willfulness of the employer's conduct.[1] *See Miller*, 991 F.2d at 586. Accordingly, the Court GRANTS plaintiffs' motion to strike defendant's eighth affirmative defense.

---

[1] *Miller* involved the ADEA, not the FLSA. At the time of the *Miller* case, the Portal-to-Portal Pay Act also governed the statute of limitations for the ADEA. *See Miller*, 991 F.2d at 586. In 1991 Congress amended the ADEA and the Portal-to-Portal Act no longer applies to that statute. Pub. L. No. 102-166, § 115, 105 Stat. 1071, 1079. This does not affect the *Miller* court's analysis, and thus the Court finds *Miller* controlling here.

3

### 3.   Ninth Affirmative Defense: Waiver and/or Estoppel

Defendant's answer asserts, "the plaintiffs' complaint is barred by the doctrine of waiver and/or estoppel." Plaintiffs move to strike this defense as invalid as a matter of law. The Court agrees that defendant may not assert waiver. In *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728 (1981), the Supreme Court emphasized that "FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." *Id.* at 740. Defendant does not cite any authority for the proposition that, notwithstanding *Barrentine*'s broad language, it may nevertheless pursue a waiver defense.

Defendant's opposition suggests that the estoppel defense is based on *Lawrence v. Philadelphia,* 2006 WL 2847330 (E.D. Pa. Sept. 29, 2006). That case is inapposite, however. *Lawrence* addresses the partial exemption for employees engaged in fire protection activities under § 207(k). In *Lawrence*, the court granted the defendant's motion for summary judgment, finding that the plaintiff employees were engaged in fire protection activities based on, *inter alia*, the fact that the plaintiffs had signed statements acknowledging their "responsibility to engage in fire suppression." *See id.* at * 4. *Lawrence* did *not* hold that the plaintiffs were estopped from claiming that they were not engaged in fire suppression; instead, *Lawrence* simply examined the statements, along with all of the parties' evidence, to determine whether the plaintiffs were engaged in fire suppression.

To the extent defendant wishes to argue that plaintiffs are engaged in fire suppression because they signed statements similar to those in *Lawrence*, or otherwise demonstrating that they knew or believed they were responsible for fire suppression, defendant is free to do so on a motion for summary judgment. However, these arguments do not fall under an estoppel defense. *See United States v. Hemmen*, 51 F.3d 883, 892 (9th Cir. 1995) ("The traditional elements of equitable estoppel are that: (1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct.").

Accordingly, the Court GRANTS plaintiffs' motion to strike the ninth affirmative defense.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court GRANTS in part and DENIES in part plaintiffs' motion to strike. (Docket No. 15).

**IT IS SO ORDERED.**

Dated: February 15, 2007

SUSAN ILLSTON
United States District Judge